PEOPLE *ex rel.* GAYLORD *v.* BOARD OF SUPERVISORS OF SCHOHARIE COUNTY.

(*Supreme Court, General Term, Third Department.* September 25, 1891.)

MANDAMUS—FORMAL ORDER—ENTRY NUNC PRO TUNC.

The failure to make and enter the formal order on the granting of an alternative writ of *mandamus* is no ground for setting aside the *mandamus*, as the entry of the order is a mere clerical duty, and the same will be allowed to be entered *nunc pro tunc.*

Appeal from special term, Schoharie county. Petition for a *mandamus* to compel the board of supervisors of Schoharie county to audit relator's claim against the county. The alternative writ was duly granted by the court at a special term, but no order was made or entered, whereupon the defendant. moved to set aside the writ, which motion was denied, and defendant appealed.

Argued before LEARNED, P. J., and LANDON, J.

*William C. Lamont*, for appellant. *A. B. Coons*, for respondent.

PER CURIAM. The *mandamus* was granted at a special term, and could be granted only at a court. Code, §§ 2068, 2069. Undoubtedly the proper mode for a court to act, or, rather, to express its acts, is by an order entered in its records; but the entering of such an order is a clerical duty. Frequently an order is granted in open court, and it may be a day or two before the formal order is entered in the clerk's records, and the court would not set aside the order for the neglect of the clerk to enter it. So in this case the proper course would have been to enter an order; but, as that is a clerical duty, we ought not to set aside the *mandamus* for the clerk's neglect. The proper order may now be entered *nunc pro tunc*, and thus the proper record of the action of the court will be preserved. The order denying the motion is affirmed, with $10 costs and printing disbursements, and with leave to relator to enter *nunc pro tunc* the proper order.